Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**S.I.R.P.R.**

# UNITED STATES DISTRICT COURT

for the

Western District of Michigan

Northern Division

**FILED - GR**

January 9, 2026 2:03 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: ___

|  |  |
|---|---|
| Jonathan DeRoo, <br><br> _____ <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> -v- <br><br> City of Sault Ste. Marie, Michigan, <br> Downtown Development Authority <br><br> _____ <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued.  If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.  Do not include addresses here.)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑Yes  ☐No

**2:26-cv-07**
**Paul L. Maloney**
**United States District Judge**

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Jonathan DeRoo |
| Address | 5827 Scenic Drive |
| | Sault Ste. Marie    MI    49783 |
| | *City*    *State*    *Zip Code* |
| County | Chippewa |
| Telephone Number | 810-305-1395 |
| E-Mail Address | jonderoo98@yahoo.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | City of Sault Ste Marie Michigan Downtown Development Authority |
| Job or Title *(if known)* | |
| Address | 511 Ashmun Street, Suite 103 |
| | Sault Ste. Marie    MI    49783 |
| | *City*    *State*    *Zip Code* |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

[ ] Individual capacity    [✓] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |
| | *City*    *State*    *Zip Code* |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

[ ] Individual capacity    [ ] Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

    Name

    Job or Title *(if known)*

    Address

|  |  |  |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County

    Telephone Number

    E-Mail Address *(if known)*

☐ Individual capacity     ☐ Official capacity

Defendant No. 4

    Name

    Job or Title *(if known)*

    Address

|  |  |  |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County

    Telephone Number

    E-Mail Address *(if known)*

☐ Individual capacity     ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Substantive due process - wrongful termination without notice and without hearing. See attached.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Defendant was acting under the Downtown Development Authority Act (Public Act 57 of 2018) - MCL 125.4204(1), the City Charter for the City of Sault Ste. Marie, Michigan and in violation of the Open Meetings Act (Act 267 of 1976), MCL 15.261 et seq.

## III.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  Where did the events giving rise to your claim(s) occur?
Please see attached.

B.  What date and approximate time did the events giving rise to your claim(s) occur?
Please see attached.

C.  What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*
Please see attached.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Please see attached.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Please see attached.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    1-8-26

Signature of Plaintiff

Printed Name of Plaintiff    Jonathan DeRoo

### B.  For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | | |
|---|---|---|
| City | State | Zip Code |

Telephone Number

E-mail Address

**United States District Court**
Western District of Michigan
Northern Division

Jonathan DeRoo

     Plaintiff,

v

City of Sault Ste. Marie, Michigan

Downtown Development
Authority,

    Defendant.

Case No. 1:26-cv-

Hon.

Mag.

## Complaint

—1—

Plaintiff Jonathan DeRoo, a Michigan resident (**DeRoo**), Pro Se, files this complaint against Defendant City of Sault Ste. Marie, Michigan Downtown Development Authority (**DDA**).

## Introduction

1. This action arises primarily under 42 U.S.C. §1983 as Plaintiff DeRoo, a government employee, was terminated suddenly and without notice and includes related state law claims arising out of the same occurrence for violations of the Open Meetings Act ("OMA") and wrongful termination.

## Parties, Jurisdiction, and Venue

2. Plaintiff Jonathan DeRoo is an individual residing at 5827 Scenic Drive, Sault Ste. Marie, Michigan 49783.

3. Defendant City of Sault Ste. Marie, Michigan Downtown Development Authority is a quasi-independent municipal entity that operates within a defined statutory and charter framework under the City's authority.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343(3), 1343(4), and 28 U.S.C. §1367.

5. Venue is proper in this Court under 28 U.S.C. § 1391.

## General Allegations
*Jonathan DeRoo Appointed as Specialist for the DDA*

6. On or about July 21, 2025, Plaintiff DeRoo moved his residence from Chesterfield, Michigan to Sault Ste. Marie, Michigan in reliance on an Employment Contract from Defendant DDA. See Employment Agreement attached as **Exhibit A**.

7. Plaintiff DeRoo incurred approximately $5,000.00 in moving expenses.

—2—

8.  Plaintiff DeRoo's wife and children still reside at 53331 Shirley Ellen Drive, Chesterfield, Michigan 48047.

9.  The term of employment was through June 30, 2026, unless an addendum establishing a new duration has been entered. Exhibit A, at II.

10.  The Employment Agreement defines cause as "The term "Cause" shall include, but is not limited to, Employee engaging in (i) fraud, (ii) dishonesty; (iii) substance abuse; or (iv) his/her alleged involvement or conviction of any illegal act; (v) other behavior that demonstrates a deliberate violation or disregard of the DDA's interests or otherwise deviates from a standard of behavior which a DDA can reasonably expect from a DDA specialist." Exhibit A, at III.

11.  The Employment Agreement also states that "If termination is not for Cause, the DDA chairperson at the direction of the DDA Board shall give Employee thirty (30) days' written notice prior to the effective date of Employee's termination..." Exhibit A, at IV.

12.  The Employment Agreement references a probationary period, but does not define the probationary period.

13.  Plaintiff DeRoo was required to sign the Employment Agreement before beginning employment, but it was never countersigned by Craig Cooper, Sault Ste. Marie DDA Chair.

14.  The Sault Ste. Marie City Commission voted on and approved the Employment Agreement at the July 21, 2025 meeting. See Agenda attached as **Exhibit B**.

—3—

15. On October 8, 2025, Defendant DDA held a "regular meeting" with several irregularities. October 8, 2025 meeting agenda and minutes are attached as **Exhibit C.**

16. After the regular meeting on October 8, 2025 there was a tense verbal exchange between Plaintiff DeRoo and Ken Hooper regarding Wilda Hooper.

17. Documents received in response to a FOIA Request show text message exchanges which organize a vote with a quorum or sub-quorum of the Board to terminate Jon DeRoo at the October 8, 2025 meeting. See FOIA documents, attached as **Exhibit D.**

18. On October 9, 2025, Defendant DDA held a "special meeting" with several violations of the Open Meetings Act. See OMA letter, attached as **Exhibit E.**

19. Plaintiff DeRoo's employment was terminated at the October 9, 2025 special meeting of Defendant DDA. October 9, 2025 meeting agenda and minutes are attached as **Exhibit F.**

20. Members of the DDA have noted the violations of the Open Meetings Act in a December 18, 2025 letter attached as **Exhibit G.**

21. The meeting minutes from the October 8 and 9, 2025 meetings were approved at the November 12, 2025 meeting. The minutes of the November 12, 12025 meeting are attached as **Exhibit H.**

### Count I
*Violation of 42 U.S.C. § 1983*
*Fourteenth Amendment – Substantive Due Process*

22. Plaintiff DeRoo incorporates by reference all preceding paragraphs of this

—4—

Complaint as this Paragraph 22.

23. Defendant terminated Plaintiff DeRoo's employment suddenly, without notice, and without cause.

24. Terminating Plaintiff, who was a public figure, in this manner created the impression that Plaintiff DeRoo had committed a serious violation of procedure, law or ethics and devastated Plaintiff's reputation in the City of Sault Ste. Marie.

25. Upon information and belief, Defendant DDAs actions were an arbitrary abuse of power by government officials.

26. Defendant DDA deprived Plaintiff of the fundamental rights of property and liberty without due process.

27. Plaintiff DeRoo had a property interest in employment that was protected by contract pursuant to *Sherrod v City of Detroit*, 244 Mich App 516.

28. Plaintiff DeRoo was entitled to a pre-termination hearing pursuant to *Cleveland Bd. of Educ v. Loudermill*, 470 U.S. 532 (1985).

29. Defendant DDA's actions have violated Plaintiff's right to substantive due process as secured to him by the Fourteenth Amendment to the U.S. Constitution and enforced through 42 U.S.C. § 1983.

30. Plaintiff suffered damages including loss of income and benefits, loss of moving expenses, loss of career, loss of reputation, pain and suffering, mental and emotional distress, and loss of self-esteem.

31. As a direct and proximate result of the actions of Defendant DDA, Plaintiff DeRoo has been injured.

—5—

## Count II
*Breach of Contract*

32.  Plaintiff DeRoo incorporates by reference all preceding paragraphs of this Complaint as this Paragraph 32.

33.  Plaintiff DeRoo and Defendant DDA entered into an Employment Agreement (the "Contract") with a defined term of employment that overcomes the presumption of at-will employment.

34.  Defendant DDA breached the contract by terminating Plaintiff DeRoo without proper cause or procedure.

35.  As a direct and proximate result of the material breach of the contract by Defendant DDA, Plaintiff DeRoo has been injured.

## Count III
*Discharge Against Public Policy*

36.  Plaintiff DeRoo incorporates by reference all preceding paragraphs of this Complaint as this Paragraph 36.

37.  Upon information and belief, members of Defendant DDA colluded to retaliate against Plaintiff DeRoo for Plaintiff DeRoo's examination of existing projects and contracts of Defendant DDA.

38.  Plaintiff DeRoo's unlawful termination is contrary to public policy.

39.  Upon information and belief, Defendant DDA has conducted itself following the termination in a retaliatory manner to sabotage Plaintiff's employment efforts.

40.  Plaintiff is entitled to compensation for Defendant DDA's violation of public policy.

—6—

41. Plaintiff suffered damages including loss of income and benefits, loss of moving expenses, loss of career, loss of reputation, pain and suffering, mental and emotional distress, and loss of self-esteem.

42. As a direct and proximate result of the actions of Defendant DDA, Plaintiff DeRoo has been injured.

### Count IV
*Violation of the Open Meetings Act (OMA)*

43. Plaintiff DeRoo incorporates by reference all preceding paragraphs of this Complaint as this Paragraph 43.

44. On October 9, 2025, Defendant conducted a rescheduled regular meeting that was required to be open to the public with notice provided in advance of the meeting as prescribed by MCL 15.265 of the OMA.

45. Defendant failed to provide notice required by the OMA.

46. Defendant has repeatedly scheduled meetings on October 8, 2025 and October 9, 2025 that violate the OMA.

47. Defendant has demonstrated a pattern of violating the OMA in failing to provide notice of rescheduled meetings and communicating outside of meetings.

48. Based on this pattern, Defendant is likely to continue violating the OMA in this manner unless enjoined from doing so.

49. According to the minutes of the rescheduled meeting, Defendant made the following decision at the meeting: termination of Jon DeRoo.

50. Defendant has not sought to correct the error or reenact the meeting.

—7—

## Relief Requested

WHEREFORE, Plaintiff Jonathan DeRoo requests that this Court:

A. Issue a Judgment declaring that Defendant DDA violated the Open Meetings Act by failing to follow proper procedure and provide proper notice of the above meetings;

B. Enjoin Defendant DDA from holding rescheduled meetings in the future without following proper procedure and providing proper notice; and,

C. Enter a judgment in his favor and against Defendant DDA for all damages allowed by law, plus applicable interest; attorneys' fees and costs incurred in connection with this action; and such other and further relief as this Court deems just and proper.